IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW VINCENT SALINAS, | 1:11-cv-00020-SMS (HC) |
| Petitioner, | |
| vs. | ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE  DISTRICT ARIZONA |
| MATTHEW CATE, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a habeas corpus action pursuant to 28 U.S.C. § 2254, in which he challenges the execution of his sentence with respect to the calculation of his parole period or application of the parole laws.  Petitioner has not paid the $5.00 filing fee or submitted an application to proceed in forma pauperis for this action.

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or  (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C.  §  1391(b).

In a habeas matter, venue is proper in either the district of conviction or the district of confinement.  28 U.S.C. § 2241(d).  Where a petitioner attacks the execution of his sentence, the

1 proper forum in which to review such a claim is the district of confinement.  See <u>Dunn v. Henman</u>,
2 875 F.2d 244, 249 (9th Cir. 1989) (stating, in a 28 U.S.C. § 2241 action, that "[t]he proper forum to
3 challenge the execution of a sentence is the district where the prisoner is confined.").

4       In this case, petitioner was sentenced in Kern County Superior Court, which is located within
5 the Eastern District of California.  He is currently incarcerated at La Palma Correctional Center, in
6 Pinal County, which lies within the  District of Arizona.  Because the instant petition is premised on
7 events relating to the execution of Petitioner's sentence and the application of the parole laws to
8 Petitioner, the Court construes it as a challenge to the execution of petitioner's sentence, as opposed
9 to an attack on the conviction itself.  Thus, this matter should be addressed in the forum where
10 petitioner is confined.  Therefore, the petition should have been filed in the United States District
11 Court for the  District of Arizona.  In the interest of justice, a federal court may transfer a case filed
12 in the wrong district to the correct district.  <u>See</u> 28 U.S.C. § 1406(a);  <u>Starnes v. McGuire</u>, 512 F.2d
13 918, 932 (D.C. Cir. 1974).

14       Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States
15 District Court for the  District of Arizona.

16 IT IS SO ORDERED.

17 **Dated:     January 12, 2011**           /s/ Sandra M. Snyder
                                                  UNITED STATES MAGISTRATE JUDGE